IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICARDO SANCHEZ MANCILLAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-0180 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Jordan Unit in Gray County, Texas pursuant to an October 17, 2012 conviction for the second degree felony offense of robbery and the concurrent 17-year sentence. By his habeas application, petitioner challenges a prison disciplinary proceeding[1] wherein petitioner states he lost 100 days previously accrued good time credits as punishment.[2] In his habeas application, in response to Question 16 on page 5, petitioner acknowledges he is not eligible for release on mandatory supervision.

On September 28, 2017 the Court issued a Briefing Order to respondent to clarify whether petitioner was eligible for mandatory supervised release. On October 12, 2017 petitioner filed a Response to Briefing Order and conceded, again, that he is not eligible for release on mandatory supervision. [ECF 10 at 1]. On October 13, 2017 respondent filed their

---

[1] Petitioner, at first, appears to challenge two disciplinary proceedings however, the first proceeding was expunged upon appeal. [ECF 3 at 5].
[2] Other punishment with which petitioner was assessed merely constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

response to the Court's Order, along with supporting documentation, and therein confirmed petitioner is ineligible for supervised release. [ECF at 11].

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction which included forfeiture of previously accrued good-time credits</u>. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As set forth above and as argued by respondent, petitioner's robbery conviction makes him ineligible for mandatory supervised release. *See* Texas Gov't Code § 508.149 (a)(11)(2011). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi,* 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RICARDO SANCHEZ MANCILLAS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>26th</u> day of October 2017.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).